NO. 07-01-0459-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 17, 2002



______________________________




JULIUS FARMER SANDERS, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 41,839-C; HONORABLE PATRICK A. PIRTLE, JUDGE



_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.


 Upon a plea of not guilty, appellant was convicted by a jury of possession of marihuana
and punishment was assessed by a jury at two years confinement in a state jail facility and a
$10,000 fine. By two issues, appellant questions whether (1) the State is required to claim its
informer privilege in order to initiate a hearing pursuant to Rule of Evidence 508(b) and (2) the
trial court abused its discretion in denying his motion to require disclosure of the confidential
informant's testimony where the State did not invoke its informer privilege pursuant to Rule
508(b). Based upon the rationale expressed herein, we affirm.

 Appellant does not challenge the sufficiency of the evidence; thus, only a brief recitation
of the facts is necessary. Pursuant to a search warrant based upon information from a credible
confidential informant, Officer David Ponce, a narcotics agent with the Amarillo Police
Department, executed a search warrant of a residence under appellant's control. Ponce
discovered an "identifier," i.e., an envelope addressed to appellant bearing the address of the
residence to be searched as well as marihuana. Expert testimony established that 195.01
grams were found.

 By his two issues, appellant asserts the State did not claim its informer privilege
pursuant to Rule 508(b) of the Texas Rules of Evidence and by his second issue contends the
trial court abused its discretion in denying his motion to require disclosure of the confidential
informer's identity because the State did not invoke the informer's privilege. Considering these
two issues together, we disagree. Rule 508(a) extends a qualified privilege to the United States
or a state or subdivision thereof to refuse to disclose the identity of a person who furnished
information or assisted in an investigation of a possible crime. Subsection (b) provides:

 (b) Who May Claim. The privilege may be claimed by an appropriate
representative of the public entity to which the information was furnished, except
the privilege shall not be allowed in criminal cases if the state objects.


Although the State or prosecuting attorney may veto assertion of the privilege by another public
entity, the privilege afforded by Rule 508(a) extends to the United States or a state or
subdivision thereof. Further, the privilege may be claimed only by a representative of the public
entity which received the information, in this instance, Officer Ponce as a representative of the
Amarillo Police Department. See 2A Steven Goode, Olin Guy Wellborn, III, and M. Michael
Sharlot, Courtroom Handbook on Texas Evidence 352 (Texas Practice 2002). 

 Rule 508 does not prescribe a specific procedure for assertion of the privilege. Indeed,
it does not require that the privilege be claimed in writing nor by motion for protective order,
motion in limine, nor otherwise, and appellant cites no authority setting forth a specific
procedure for asserting the privilege. At the pretrial hearing on appellant's motion to disclose
the confidential informant's identity, Officer Ponce, as "representative of the public entity to
which the information was furnished," testified that he did not want the identity of his confidential
informant disclosed for safety reasons. The search warrant also recited, "[t]he affiant [Officer
Ponce] does not wish to reveal the identity of the confidential informant for the protection and
safety of the confidential informant." Based on our review of the record, we conclude Officer
Ponce sufficiently claimed the informer privilege and thus, the trial court did not abuse its
discretion in denying appellant's motion to disclose the identity of the informer. Appellant's first
and second issues are overruled. 

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice



Do not publish.



ng 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









                                                            NO.
07-10-0203-CV

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                  JULY
7, 2010

                                            ______________________________

 

                                                      LINS RESTAURANT, INC.

 

Appellant

 

                                                                            V.

 

                    JAC
COMMERCIAL AND RESIDENTIAL CONSTRUCTION, LLC

AND TOJI ENDO,

 

Appellees

________________________________

 

                      FROM
THE 237th DISTRICT COURT OF LUBBOCK COUNTY;

 

                       NO.
2009-547,229; HONORABLE SAM MEDINA, PRESIDING

                                           _______________________________

 

                                                  ORDER
DISMISSING APPEAL

    _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK , JJ.

Appellant has filed a motion to dismiss.  Without passing on the merits of the case, we
grant the motion pursuant to Texas Rule of Appellate Procedure 42.1(a)(1) and dismiss the appeal. 
Having dismissed the appeal at appellants request, no motion for
rehearing will be entertained, and our mandate will issue forthwith.

 

 

Brian
Quinn

       Chief Justice